IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

RONNIE L. BARNES, )
 )
Plaintiff, )
 )
vs. ) No. CIV-06-1094-W
 )
DANIEL L. OWENS and DREW )
EDMONDSON, )
 )
Defendants. )

FILED
NOV 14 2006
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

## ORDER

On October 31, 2006, United States Magistrate Judge Bana Roberts issued a Report and Recommendation in this matter and recommended, after initial review, that the complaint filed by plaintiff Ronnie L. Barnes be dismissed for failure to state a claim upon which relief may be granted pursuant to title 28, section 1915A(b) of the United States Code. Magistrate Judge Roberts further recommended that the dismissal count as one "strike" pursuant to title 28, section 1915(g) of the United States Code. Barnes was advised of his right to object, and the matter now comes before the Court on Barnes' Objection to the Report and Recommendation.

Upon de novo review of the record, the Court concurs with Magistrate Judge Roberts' suggested disposition of this matter. Barnes has sought relief in this action under title 42, section 1983 of the United States Code. However, the relief he has requested, "a new trial with a second phase sentencing," Complaint at 5, or a reduction in his sentence from life imprisonment to a term of incarceration of 45 years, id., is not available under these circumstances.

The requested relief may affect the length of his incarceration; therefore, Barnes' sole federal remedy is a petition for a writ of habeas corpus. E.g., Boutwell v. Keating, 399 F.3d 1203 (10th Cir. 2005)(claim that challenges fact or duration of confinement must be brought as habeas action).[1]

Furthermore, to the extent, if any, Barnes is permitted to bring an action under section 1983, the Court finds such action would be time-barred. Barnes' claim is based upon events that occurred in 1993, and he has not alleged any reasons that would toll the applicable limitations period. E.g., Wilson v. Garcia, 471 U.S. 261 (1985); 12 O.S. § 95.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation issued on October 31, 2006;

(2) DISMISSES Barnes' complaint file-stamped October 5, 2006; and

(3) ORDERS that this dismissal count as one strike against Barnes in accordance with section 1915(g).[2]

ENTERED this ___ day of November, 2006.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[1] If the Court were to construe the instant complaint as a petition for a writ of habeas corpus, the Court would be without jurisdiction to consider the same. Barnes has raised essentially this same issue in a previous habeas action, and the Court lacks jurisdiction to consider a second or successive habeas petition without authorization from the United States Court of Appeals for the Tenth Circuit.

[2] This dismissal counts as a "prior occasion" only after Barnes has exhausted or waived his right to appeal.